IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD HOLLAND, | : |
| Plaintiff, | : |
| v. | : Civ. No. 23-933-GBW |
| SUSANNE DAVIDSON JAROME, et. al, | : |
| Defendants. | : |

Reginald Holland, Federal Way, Washington, Pro Se Plaintiff.

David L. Baumberger, Esq., and Jonathan D. Landua, Esq., Kent & McBride, P.C., Wilmington, Delaware.  Counsel for Defendants Davidson Jarome, Handler, and Evans.

**MEMORANDUM OPINION**

August 16, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff Reginald Holland, proceeding *pro se*, brings this action against Defendants Susanne Davidson Jarome, Connie Handler, and Nicole Evans by way of Complaint. (D.I. 2). Before the Court is Defendants' motion to dismiss the Complaint (D.I. 17), Defendants' motion to strike Plaintiff's memorandum in opposition (D.I. 29), and Defendants' motion to strike Plaintiff's addendum (D.I. 32). The matter is fully briefed.

## II.    BACKGROUND

According to the Complaint, Plaintiff resided at an apartment complex in Dover, Delaware between July and November 2021 and, during his residence, he became ill due to mold and gas exposure inside the apartment. Plaintiff alleges that he notified Defendants—three employees of Mid-Atlantic Realty Co., Inc., in Dover and Newark, Delaware—of these issues on numerous occasions, yet the issues were never addressed in a satisfactory manner. (D.I. 2.) Plaintiff has submitted additional supporting documentation marked as exhibits, including medical records, photographs, and copies of electronic correspondence with Defendants, for the Court's consideration. (D.I. 7, 22, 23, 27, 28, 30.)

Plaintiff alleges that, based on the foregoing, Defendants violated Delaware's implied warranty of habitability. *See* 25 DE Code § 5305(a)(2)

(requiring landlords to "[p]rovide a rental unit which shall not endanger the health, welfare or safety of the tenants or occupants and which is fit for the purpose for which it is expressly rented"). Plaintiff further alleges that, based on the foregoing, Defendants violated Delaware's criminal reckless endangerment statute. *See* 11 DE Code § 604 ("A person is guilty of reckless endangering in the first degree when the person recklessly engages in conduct which creates a substantial risk of death to another person.") Accordingly, Plaintiff seeks relief, to include $70,000 in money damages. (D.I. 2.)

Defendants now move to dismiss Plaintiff's Complaint. First, Defendants argue that Plaintiff has only alleged violations of Delaware common law, state tort law, and state criminal law, none of which give rise to a federal question. Second, Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted because "Plaintiff's claims are solely based on his personal impressions and dissatisfaction with the apartment and not any actual defect of the property" and because a criminal statute cannot serve as a basis for a civil action. (D.I. 17.)

Accordingly, Defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a plausible claim upon which relief may be granted. *Id.* Plaintiff responds to Defendants' motion by way of an answering brief in opposition (D.I. 22), a subsequent memorandum in opposition (D.I. 27), and three filings containing supporting exhibits, the last of which is titled

"Addendum" (D.I. 23, 28, 30). Defendants' reply to Plaintiff's response (D.I. 29), move to strike Plaintiff's memorandum in opposition, *id.*, and move to strike Plaintiff's addendum (D.I. 32).

## III. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## IV. DISCUSSION

Although Plaintiff claims to present a federal question, the Complaint only identifies a Delaware state civil tort statute and a Delaware state criminal statute,

3

and no federal statute or Constitutional provision, as the basis for Plaintiff's alleged rights violations. (D.I. 2.) Having reviewed the Complaint and all of Plaintiff's subsequent filings, the Court does not find any basis for a federal civil claim for violations of the United States Constitution or federal statutes. *See* 28 U.S.C. § 1331.

Additionally, Plaintiff does not allege diversity jurisdiction, and the allegations in the Complaint do not establish diversity jurisdiction. Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). According to the Complaint, Plaintiff resided in Delaware at the time of the alleged violations, and he seeks $70,000 from Defendants, who were also located in Delaware at the time. (D.I. 2.)

In light of Defendants' unrebutted assertions establishing the absence of federal subject matter jurisdiction, Plaintiff has failed to meet his "burden of proving by affidavits or other competent evidence that jurisdiction is proper" in this Court. *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). Subject matter jurisdiction is therefore lacking, and dismissal is appropriate. Dismissal is without prejudice, and the Court will permit Plaintiff to amend the Complaint, in case the deficiencies outlined herein can be remedied.

Because the Court lacks subject matter jurisdiction, it declines to determine whether Plaintiff has stated a claim upon which relief can be granted. Nevertheless, the Court agrees that a criminal statute is an inappropriate basis for a civil action.

## V. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss; (2) deny as moot Defendants' motion to strike Plaintiff's memorandum in opposition; and (3) deny as moot Defendants' motion to strike Plaintiff's addendum. Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.