# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD HOLLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 23-933-GBW |
| SUSANNE DAVIDSON JAROME, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM ORDER**

At Wilmington, this 16th day of April 2025, *pro se* Plaintiff Reginald Holland, having moved for reconsideration (D.I. 11) of the Court's October 2024 Order (D.I. 36), which closed this case based on Plaintiff's failure to file an amended complaint, and having also moved for extension of time to file an amended complaint (D.I. 38), but having attached no proposed amended complaint to either motion;

WHEREAS a motion for reconsideration must "correct manifest errors of law or fact or . . . present newly discovered evidence," *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999), rather than asserting facts or arguments that "inexcusably were not presented to the court in the matter previously decided," *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990);

WHEREAS, to the extent that Plaintiff's motion is also intended as a motion for reargument, it must show that "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension," *Brambles USA*, 735 F. Supp. at 1241 (citations omitted); *see also* D. Del. LR 7.1.5;

WHEREAS, to the extent that Plaintiff's motion is otherwise intended as motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e), it "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); and

WHEREAS, to the extent that Plaintiff's motion is otherwise intended as motion for relief from final order, pursuant to Federal Rule of Civil Procedure 60(b), it must be based on one of five specified grounds, *see* Fed. R. Civ. P. 60(b)(1)-(5), or "extraordinary circumstances," *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977);

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (D.I. 11) is **DENIED without prejudice to renewal**, as it does not show any newly discovered evidence or any error in law or fact in the Court's October 2024 Order

(D.I. 36) warranting reconsideration, *see Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677, and it does not cure the defects that led to case closure;[1]

IT IS FURTHER ORDERED that Plaintiff's motion for extension of time to file an amended complaint (D.I. 38) is **DENIED without prejudice as moot**, as this case remains closed; and

IT IS FINALLY ORDERED that, should Plaintiff subsequently move for reconsideration of the October 2024 Order (D.I. 36) and extension of time to file an amended complaint, Plaintiff's motion shall include as an attachment a proposed amended complaint, curing the jurisdictional defects in the Complaint (D.I. 2) noted in the Court's August 2024 Memorandum Opinion and Order (D.I. 33, 34).

                                                                          The Honorable Gregory B. Williams
                                                                          United States District Judge

---

[1] The Court notes that the October 2024 Order (D.I. 36) does not preclude Plaintiff from pursuing his claims in a court of suitable jurisdiction.